**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **CHARMANE SMITH,** | * | |
| **Plaintiff,** | * | |
| v. | * | **Civil Action No. RDB-20-0177** |
| **SOCIAL SECURITY ADMINISTRATION,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM ORDER

On January 21, 2020, *pro se* Plaintiff Charmane Smith ("Plaintiff" or "Smith") filed this suit against the Social Security Administration alleging various civil rights violations based on termination of certain disability benefits.  (ECF No. 1.)  Specifically, she seeks monetary damages in the amount of $660,000 for the Defendant's alleged violation of her constitutional rights under 42 U.S.C. §§ 1983 and § 1985; violations of 18 U.S.C. §§ 245 and 242; and conspiracy against the United States under 18 U.S.C. § 371.  (*Id.* at 5 ¶¶ 1-5.)  However, Plaintiff Smith is a resident of Memphis, Tennessee, (*id.* at 1 ¶ 1, 6), and this Court is an improper venue for her claims.

The statutes listed by the Plaintiff do not apply in this case.  Sections 1983 and 1985 protect against state action or those acting under color of state law.  42 U.S.C. §§ 1983, 1985.  As Smith has not set forth any allegations that there was any action taken under color of state law, these statutes do not apply.  *See Townsend-White v. Soc. Sec. Admin.*, 16-cv-919, 2016 WL 9665195, at *1 (N.D.N.Y. Oct. 5, 2016).  The same is true with respect to 18 U.S.C. § 242.  *See*

*Vela v. U.S. Gov't Health & Hum. Servs. Child Welfare Servs.*, No. 1:20-cv-1152, 2021 WL 3171968, at *1 n.2 (E.D. Cal. July 27, 2021) (noting that 18 U.S.C. § 242 governs deprivation of rights under color of state law)).  Further, 18 U.S.C. §§ 245 and 371 are criminal statutes, which do not provide private rights of action.  *See Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003).

Nevertheless, this Court is mindful of its obligation to liberally construe the pleadings of *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Smith does not explicitly state a claim under the Social Security Act of 1935, 42 U.S.C. 301 *et seq.*, however, the gravamen of her Complaint is that she was improperly denied disability payments, despite her attempts to respond to the Social Security Administration's notices and other communications.  (ECF No. 1.)  Her overall claim appears comparable to a denial of benefits, therefore, this Court will review her Complaint pursuant to 42 U.S.C. § 405(g).  *See Townsend-White*, 2016 WL 9665195, at *2 (treating claim brought my *pro se* plaintiff against the Social Security Administration under Section 1983 as a claim under 42 U.S.C. § 405(g)).

However, if Smith did intend to bring a claim under the Social Security Act, this Court is an improper venue for her suit.  The proper venue for an individual challenging a "final decision of the Commissioner of Social Security" is "in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business."  *See* 42 U.S.C. § 405(g); *Robert J. v. Comm'r, Soc. Sec. Admin.*, No. RDB-19-2593, 2020 WL 1325093, at *3 (D. Md. Mar. 20, 2020).  "For purposes of determining venue, '[i]t is immaterial that the principal place of business for the Social Security Administration is Maryland.'"  *Robert J.*, 2020 WL 1325093, at *3 (quoting *Davis v. Astrue*, No. SAG-11-3478, 2013 WL 66502, at *2

(D. Md. Jan. 3, 2013)).

Having determined that venue is improper in the District of Maryland, this Court has the discretion to either dismiss the case or transfer it to another district court pursuant to 28 U.S.C. § 1406(a).  *See Benton v. England*, 222 F. Supp. 2d 728, 731 (D. Md. 2002).  Therefore, the Plaintiff's case will be dismissed for lack of venue.  *See Robert J.*, 2020 WL 13225093, at *3.

Accordingly, it is HEREBY ORDERED this 4th Day of August, 2021 that:

1. Plaintiff Smith's Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE as to Plaintiff Smith seeking relief in another forum; and

2. The Clerk of this Court shall CLOSE THIS CASE.

_____/s/_____
Richard D. Bennett
United States District Judge
